## E. AND H. INGLE v. R. V. BELL.

### No. 7248.

1. **Practice in Supreme Court—Final Judgment.**—Judgment was rendered December, 1887, upon an award. At a subsequent term the plaintiffs against whom the judgment was rendered made an ineffectual effort to have the judgment set aside. Subsequently but within two years from December, 1887, error was sued out. Motion to dismiss the writ of error overruled. The judgment as a final judgment was not affected by the proceedings at the subsequent term.

2. **Recitals in Judgment—Consent.**—In a judgment upon an award it was recited that "the parties came and in open court consented and requested that judgment be entered in accordance with their written agreement heretofore filed among the papers of this case." The agreement to arbitrate and the report of the arbitrators also appear in the judgment. *Held*, that by such appearance as recited all error was waived.

3. **Practice in District Court—Recitals.**—Caution suggested to the trial courts that they see that recitals in their judgments in regard to the service of process and the appearance of the parties are strictly true.

ERROR from Cooke. Tried below before Hon. F. E. PINER.

No statement is necessary.

*Johnson & Grace*, for plaintiffs in error.—Upon the award of arbitrators filed at one term of court, judgment can not be rendered until the subsequent term. The arbitrators were appointed December 19, 1887, filed their award in court on the 20th of December, 1887, and judgment was rendered thereon on the 20th day of December, 1887. Rev. Stats., art. 49; Alexander v. Witherspoon, 30 Texas, 291.

*Bell & Green*, for defendant in error.—1. The writ of error should be dismissed because appeal is not from a final judgment.

2. The judgment being an agreed one, and not based solely upon the finding of arbitrators, could be rendered at any regular term of the court; could be rendered at the first term of the court as well as at the succeeding term; and therefore is not controlled by article 49 of the Revised Statutes.

### ON MOTION TO DISMISS.

STAYTON, CHIEF JUSTICE.—In December, 1887, a final judgment was rendered in favor of appellee against appellants. At a subsequent term one of appellants made a motion to set that judgment aside, which on hearing was overruled, and within two years after the final judgment was rendered this writ of error was sued out.

This is a motion to dismiss the writ of error, made on the ground that it is not prosecuted from a final judgment. The writ of error brings before this court the judgment rendered in December, 1887, which is

in all respects a final judgment, which the motion filed at a subsequent term in no manner affected.

The motion to dismiss writ of error will be overruled.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by Elizabeth Ingle to cancel a deed held by appellee for an undivided one-half interest in a house and lot, situated in the city of Gainesville.

At the spring term, 1885, of the court the attorneys of the parties filed with the papers of the cause a written agreement, containing the following provisions:

"1.    That upon the final hearing the defendant should have judgment for the land in dispute.

"2.    That the parties should agree upon three disinterested men, and in case of their failure to so agree within two weeks, then that the clerk of said court should designate three such men, whose duty it should be when so selected to make a fair and equitable settlement of rents, taxes, insurance, and necessary expenses paid and incurred about said property while owned in common, upon the basis of each party being equally interested therein, and that plaintiff should have judgment against the defendant Bell for whatever balance was found against him by the arbitrators, which should be a lien upon Bell's half of the lot.

"3.    That if the arbitrators should find a balance to be due the plaintiff, then the defendant Bell should pay the costs of suit, which otherwise should be paid by the plaintiff."

The parties failed to agree upon arbitrators, and no further action seems to have been taken in the case until the 19th day of October, 1887, at which time the clerk of the court appointed three arbitrators, and upon the same day the plaintiff Mrs. Ingle was served with notice of their appointment.

The arbitrators met on the day succeeding that of their appointment, and without any appearance for the plaintiff, upon the evidence of the defendant Bell, made and filed in the District Court, then in session, an award in favor of Bell for $198.01, and upon the same day the court rendered a final judgment in favor of the defendant for the land and the costs of suit.

This judgment recites, that "the parties came and in open court consented and requested that judgment be entered in accordance with their written agreement heretofore filed among the papers of this cause." The agreement for the appointment of arbitrators above referred to was copied into the judgment, which in all respects followed said agreement and the report of the arbitrators.    No further action was taken in the cause at that term of the court, but to the next term (the spring term, 1888) the plaintiff filed her petition for a new trial, upon which an issue was formed between the parties.    The court heard evidence, and refused to grant plaintiff the relief sought.

The plaintiff prosecutes this writ of error from the original judgment rendered at the fall term of the court in 1887.

The petition for a new trial failed to allege any excuse why a proper defense was not made at the term when the judgment was rendered, or why a new trial was not applied for during that term. It was not then alleged, nor is there anything in the record now before us showing that the recital in the final judgment, that the plaintiff appeared in court when it was rendered and consented to it, is untrue. By such an appearance the plaintiff waived all of the errors now complained of. If they had not been so waived, we think errors were committed of such a nature as would now require the reversal of the judgment. It may be that the judgment entry does not recite the truth about the appearance of the parties at the term when it was entered, but such recitals can not be disregarded by us when not properly put in issue. It is of great importance that the trial courts shall see that the recitals in their judgments in regard to the service of process and the appearance of the parties are strictly true. Any want of attention or accuracy in these respects may lead to irreparable injury.

The judgment is affirmed.

*Affirmed.*

Delivered April 29, 1892.